# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF HAMPSHIRE AND FRANKLIN, SEPTEMBER TERM 1859, AT NORTHAMPTON.

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. CHARLES A. DEWEY,
HON. THERON METCALF,
HON. GEORGE T. BIGELOW, } JUSTICES.
HON. EBENEZER R. HOAR,

---

SAMUEL HENRY *vs.* SAMUEL B. ESTEY, Administrator

The fact that an administrator gave public notice of his appointment may be proved by oral evidence, as well as by an affidavit of the administrator filed and recorded pursuant to the Rev. Sts. c. 66, § 2, and *St.* 1855, c. 132.

A creditor of the estate of a deceased person cannot appeal from a decree of the court of probate, refusing the petition of the administrator for leave to sell real estate of the deceased for the payment of debts.

APPEAL from a decree of the court of probate for the county of Hampshire, upon a petition of the administrator of Joseph W. Estey for leave to sell real estate of the deceased for the payment of debts. The court of probate refused leave to sell for the payment of the appellant's debt, upon the ground that

it was barred by the special statute of limitations before the petition was presented ; but granted leave to sell for the payment of other debts.

At the hearing in this court, it appeared that no affidavit of the administrator, that he had given notice of his appointment, as required by the Rev. Sts. *c.* 66, § 1, had been filed and recorded by him, pursuant to the Rev. Sts. *c.* 66, § 2, or *St.* 1855, *c.* 132. But *Dewey*, J., against the objection of the appellant, allowed that fact to be proved by the testimony of other witnesses, and reported the case to the full court.

*E. Dickinson*, for the appellant.

*S. T. Spaulding*, for the appellee.

DEWEY, J. We see no objection to the competency of the evidence offered to establish the fact that public notice had been given by the administrator of his taking administration on the estate of the intestate, as is required by the provisions of the Rev. Sts. *c.* 66, § 1. The succeeding section of the same chapter, providing a mode of perpetuating the evidence of such notice by filing an affidavit, is merely a cumulative provision for the benefit of the administrator, if he chooses to avail himself of it ; but, upon his failure so to do, does not preclude him from resorting to other evidence to establish the fact of such notice having been given. The subsequent legislation by *St.* 1855, *c.* 132, has not affected this ; but merely gives increased facility for securing the full benefit of filing an affidavit by the administrator, on proof of having given such notice.

The present petition must however be dismissed on other grounds. It now appears to the court that this appeal is not prosecuted at the instance, nor with the consent of the administrator, but solely by one Samuel Henry, a creditor of the intestate. But a creditor has no such distinct interest in such petition, that he can prosecute the same independently of the administrator. The creditor can only proceed by a suit against the administrator to enforce his claim. A license to sell real estate for the purpose of paying the debts of the deceased is granted solely on the petition of the administrator, and upon his application therefor, and a creditor is not so far a party

thereto that, upon the refusal of the judge of probate to grant such license, the creditor can prosecute an appeal therefrom to this court.

We think the proper order of this court must therefore be, that no further proceedings be had upon this petition; but that it be certified to the probate court, that it appearing that the administrator declines to prosecute this appeal, and has signified to this court that he desires no further proceedings thereon, the same is remitted to the probate court to carry into effect the order of that court.